PER CURIAM.
This workers’ compensation claim arises from a 1977 injury. In a previous order entered October 28,1980, the deputy found that claimant had a permanent partial disability of 27 per cent of the body, based on physical impairment of 15 per cent of the body for orthopedic and neurological complaint to her back, two per cent of the body regarding her left ear, and 10 per cent of the body for psychiatric problems. In finding permanent psychiatric impairment, the *477 deputy essentially accepted the testimony of Dr. Beasley and rejected that of Dr. Stillman, failing, however, to determine the date of maximum medical improvement. Accordingly, this court reversed and remanded for that determination, stating that the deputy might “take further evidence as may be absolutely necessary for the limited purpose of determining the date of total maximum medical improvement.” Brown v. Sunland Training Center, Division of Risk Management, 409 So.2d 1080, 1080-1081 (Fla. 1st DCA 1982).
At the hearing on remand, claimant again presented Dr. Stillman, who testified that claimant’s psychiatric impairment maximally improved by April 15, 1982— nearly two years, it will be noted, after the prior award of permanent disability benefits. Despite having rejected Dr. Stillman’s opinion in 1980, the deputy in 1982 accepted his estimate of maximum medical improvement — there being no other testimony directly answering the question on remand— and so awarded further temporary total disability benefits from July 1, 1980, until April 15, 1982.
This was error, for both the deputy’s 1980 order and this Court’s affirming judgment recognized that claimant had obtained permanency, and hence maximum medical improvement. In making a contrary finding in 1982, and in awarding further temporary benefits, the deputy exceeded the court’s mandate on remand. We therefore conclude that claimant previously reached maximum improvement on October 28, 1980, the date of the deputy’s prior order, and we vacate the 1982 award of further temporary disability benefits. This, however, is without prejudice to claimant’s right, if the facts warrant, to petition for modification of the 1980 order as we have amended it, claiming entitlement to additional temporary disability benefits.
REVERSED.
ROBERT P. SMITH, Jr., BOOTH and WIGGINTON, JJ., concur.